IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00515-RJC
(3:13-cr-00017-RJC-1)

| | |
|---|---|
| WENDEL TROY DRYDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On January 16, 2013, Petitioner was indicted on two counts of bank robbery by force, violence or intimidation, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2 (Counts 1 and 4); and two counts of unlawfully brandishing a firearm during and in relation to a crime of violence (bank robbery), and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 2 and 5).[1] (3:13-cr-00017: Doc. No. 5: Bill of Indictment). On March 25, 2013, Petitioner pleaded guilty pursuant to a written plea agreement to Counts 1, 2 and 4, and in exchange for the guilty plea, the Government agreed to dismiss Count 5. (Id., Doc. No. 18: Plea Agreement; Doc. No. 19: Acceptance and Entry of Guilty Plea).

---

[1] Petitioner's co-defendant, Khaliff Culbertson, was charged in Count 3 with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

1

Petitioner was sentenced to concurrent terms of 60-months' imprisonment on Counts 1 and 4, and a mandatory, consecutive term of 84-months' imprisonment on Count 2. On April 11, 2014, the Court entered judgment and Petitioner did not appeal. (Id., Doc. No. 54: Judgment).

II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.   DISCUSSION

In this collateral proceeding, Petitioner argues that he is actually innocent of his § 924(c) conviction that was charged in Count 2, basing this contention on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[2] (3:16-cv-00515, Doc. No. 1: Motion to Vacate at 4).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

Although not sentenced as an armed career criminal, Petitioner nevertheless contends the predicate conviction of armed bank robbery that was relied upon to support his § 924(c) conviction is no longer considered a "crime of violence" after Johnson.[3]

Petitioner was indicted in Count 2 pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), which provides for a mandatory term of 7-years in prison, which term must be ordered to run consecutively to, in Petitioner's case, the predicate "crime of violence" (armed bank robbery). A "crime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). The definition in § 924(c)(3)(A) is known as the "force clause" and the definition in § 924(c)(3)(B) is known as the "residual clause." See McNeal, 818 F.3d at 151-52.

In McNeal, the Fourth Circuit expressly rejected the challenge that is made here by

---

[3] In United States v. McNeal, the Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony,' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." 818 F.3d 141, 153 n.9 (4th Cir. 2016), petition. for cert. filed, No. 16-5018 (June 23, 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

3

Petitioner. The Court reasoned that in "assessing whether bank robbery qualifies as a crime of violence under the § 924(c)(3) force clause, we do not write on a blank slate. Twenty-five years ago in Adkins, our esteemed former colleague Judge Hall explained that 'armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (quoting 18 U.S.C. § 924(c)(3)(A)).

Based on the foregoing, the Court finds that Petitioner's challenge to his § 924(c) conviction must fail as his armed bank robbery conviction is a proper, predicate conviction that supports his § 924(c) conviction.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: August 23, 2016

Robert J. Conrad, Jr.
United States District Judge